hUNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES ROYALTY,

       Plaintiff,

v.                                                                          Case No. 1:20-cv-599
                                                                            Hon. Ray Kent

COMMISSIONER OF SOCIAL
SECURITY,

       Defendant,

_____/

**OPINION**

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of Social Security (Commissioner) which denied his application for disability insurance benefits (DIB).

Plaintiff filed an application for DIB on February 15, 2018, alleging a disability onset date of February 14, 2018. PageID.55. Plaintiff identified his disabling conditions as: osteo-arthritis of the glenohumeral; severe pain and loss of function in right arm and shoulder; and upper back pain caused by loss of strength in right arm. PageID.232. Prior to applying for DIB, plaintiff completed two years of college and had past employment as a production machine tender, park aide, and police sergeant (Michigan Department of Corrections). PageID.67, 233. An ALJ reviewed plaintiff's application de novo and entered a written decision denying benefits on July 24, 2019. PageID.55-68. This decision, which was later approved by the Appeals Council, has become the final decision of the Commissioner and is now before the Court for review.

1

## I.    LEGAL STANDARD

This Court's review of the Commissioner's decision is typically focused on determining whether the Commissioner's findings are supported by substantial evidence. 42 U.S.C. § 405(g); *McKnight v. Sullivan*, 927 F.2d 241 (6th Cir. 1990). "Substantial evidence is more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cutlip v. Secretary of Health & Human Services*, 25 F.3d 284, 286 (6th Cir. 1994). A determination of substantiality of the evidence must be based upon the record taken as a whole. *Young v. Secretary of Health & Human Services*, 925 F.2d 146 (6th Cir. 1990).

The scope of this review is limited to an examination of the record only. This Court does not review the evidence de novo, make credibility determinations or weigh the evidence. *Brainard v. Secretary of Health & Human Services*, 889 F.2d 679, 681 (6th Cir. 1989). The fact that the record also contains evidence which would have supported a different conclusion does not undermine the Commissioner's decision so long as there is substantial support for that decision in the record. *Willbanks v. Secretary of Health & Human Services*, 847 F.2d 301, 303 (6th Cir. 1988). Even if the reviewing court would resolve the dispute differently, the Commissioner's decision must stand if it is supported by substantial evidence. *Young*, 925 F.2d at 147.

A claimant must prove that he suffers from a disability in order to be entitled to benefits. A disability is established by showing that the claimant cannot engage in substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. *See* 20 C.F.R. §404.1505; *Abbott v. Sullivan*, 905 F.2d 918, 923

(6th Cir. 1990).  In applying the above standard, the Commissioner has developed a five-step analysis:

> The Social Security Act requires the Secretary to follow a "five-step sequential process" for claims of disability.  First, plaintiff must demonstrate that she is not currently engaged in "substantial gainful activity" at the time she seeks disability benefits.  Second, plaintiff must show that she suffers from a "severe impairment" in order to warrant a finding of disability.  A "severe impairment" is one which "significantly limits . . .  physical or mental ability to do basic work activities."  Third, if plaintiff is not performing substantial gainful activity, has a severe impairment that is expected to last for at least twelve months, and the impairment meets a listed impairment, plaintiff is presumed to be disabled regardless of age, education or work experience.  Fourth, if the plaintiff's impairment does not prevent her from doing her past relevant work, plaintiff is not disabled.  For the fifth and final step, even if the plaintiff's impairment does prevent her from doing her past relevant work, if other work exists in the national economy that plaintiff can perform, plaintiff is not disabled.

*Heston v. Commissioner of Social Security*, 245 F.3d 528, 534 (6th Cir. 2001) (citations omitted).

The claimant bears the burden of proving the existence and severity of limitations caused by her impairments and the fact that she is precluded from performing her past relevant work through step four.  *Jones v. Commissioner of Social Security*, 336 F.3d 469, 474 (6th Cir. 2003).  However, at step five of the inquiry, "the burden shifts to the Commissioner to identify a significant number of jobs in the economy that accommodate the claimant's residual functional capacity (determined at step four) and vocational profile."  *Id.*  If it is determined that a claimant is or is not disabled at any point in the evaluation process, further review is not necessary.  *Mullis v. Bowen*, 861 F.2d 991, 993 (6th Cir. 1988).

## II.    ALJ's DECISION

Plaintiff's application for DIB failed at the fifth step of the evaluation.  At the first step, the ALJ found that plaintiff had not engaged in substantial gainful activity since his alleged onset date of February 14, 2018, and met the insured status requirements of the Social Security Act through December 31, 2022.  PageID.57.  At the second step, the ALJ found that plaintiff had

severe impairments of: degenerative joint disease of the right shoulder, status/post right shoulder surgeries; obesity; obstructive sleep apnea; depression; and anxiety.  PageID.57.  At the third step, the ALJ found that plaintiff did not have an impairment or combination of impairments that met or equaled the requirements of the Listing of Impairments in 20 C.F.R. Pt. 404, Subpt. P, App. 1. PageID.58.

> The ALJ decided at the fourth step that:
>
> > After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity (RFC) to perform light work as defined in 20 CFR 404.1567(b) except he is limited to lifting/carrying using the left non-dominant arm and the right arm can be used to assist if needed if not overhead. He can never reach overhead with the right dominant arm. For all other reaching, he can reach occasionally with the right dominant arm.  He can handle and finger items frequently with the right dominant hand.  He can never climb ladders, ropes or scaffolds.  He can never work at unprotected heights.   In addition to normal breaks, he will be off task less than 10% of the time in an eight-hour workday. Other work limitations include no restraining of prisoners.

PageID.59.

At the fifth step, the ALJ found that plaintiff could perform a significant number of unskilled jobs at the sedentary exertional level.  PageID.171-172.  Specifically, the ALJ found that plaintiff could perform the requirements of light and sedentary work in the national economy such as barker[1] (light exertion) (24,000 jobs), counter clerk (light exertion) (32,000 jobs), surveillance system monitor (sedentary exertion) (16,000 jobs); and call out operator (sedentary exertion) (46,000 jobs).  PageID.67-68.  Accordingly, the ALJ determined that plaintiff has not been under a disability, as defined in the Social Security Act, from February 14, 2018 (the alleged onset date) through July 24, 2019 (the date of the decision).  PageID.68.

## III.    DISCUSSION

Plaintiff has raised six errors on appeal.

---

[1] The vocational expert referred to this as "a barker position for entertainment."  PageID.111.

**A. Whether the ALJ erred in failing to take into account the full extent of the Claimant's limitations and therefore failed to base [his] determination and residual functional capacity (RFC) on substantial evidence in the record.**

**B. Whether the ALJ erred in failing to assess the opinion of Todd Hagberg, ORT/L, CSCS, CEAS in accordance with Social Security's rules and regulations, including 20 CFR 404.1527c [sic] and SSR 16-3p.**

Plaintiff's statement of error addresses an opinion expressed by occupational therapist Todd Hagberg.[2]   However, plaintiff's brief appears to dispute the ALJ's assessment of all medical opinions. *See* Plaintiff's Brief (ECF No. 16-2, PageID.776) ("The ALJ's findings regarding the opinions of every one of Mr. Royalty's treating physicians is not supported by substantial evidence as all of Mr. Royalty's treating physicians have provided well supported opinions of Mr. Royalty's functional capacity whose consistency with one another and the record are not adequately addressed in the ALJ's adopted RFC or Decision.").   In essence, plaintiff is asking this Court to perform a de novo review all of the medical and vocational evidence, including various "false claims" made by the ALJ regarding vocational expert (VE) Shelton, Dr. Doane, Dr. Munro, and Dr. Anderson.   Plaintiff's Brief (ECF No. 16-2, PageID.778-780).   This Court does not perform a de novo review the evidence.  *See Brainard*, 889 F.2d at 681.[3]

The issue before the Court is whether the ALJ erred in his assessment of Mr. Hagberg's opinions.   The agency regulations provide that, for cases like plaintiff's (filed on or after March 27, 2017), "[w]e will articulate in our determination or decision how persuasive we find all of the medical opinions and all of the prior administrative medical findings in your case

---

[2] According to his report, Todd Hagberg is an OTR/L (Occupational Therapist Registered/Licensed), CSCS (Certified Strength and Conditioning Specialist), and CEAS (Certified Ergonomic Assessment Specialist).  PageID.602.

[3] In this regard, plaintiff's statement of errors does not set out claims against the medical providers and VE as directed by the Court.  See Notice (ECF No. 14) ("The initial brief must contain a Statement of Errors, setting forth in a separately numbered section, each specific error of fact or law upon which Plaintiff seeks reversal or remand. Failure to identify an issue in the Statement of Errors constitutes a waiver of that issue.").

record."   20 C.F.R.  §  404.1520c(b).  On  March  13,  2018,  Occupational  Therapist  Hagberg

evaluated plaintiff's diagnosis of "Right Shoulder Pain, Status Post 3 Right Rotator Cuff Repairs,"

for  the  purpose  of  "assessing  his  overall  physical  abilities  and  limitations  specific  to  the  right

shoulder in order to provide updated physical restrictions."  PageID.601. In his evaluation, Mr.

Hagberg noted that plaintiff sustained a right shoulder injury while restraining an inmate at work.

PageID.606.  The ALJ's decision did not identify Mr. Hagberg.

The Court notes that the administrative record index incorrectly lists Hagberg's

March  13,  2018  "Functional  Capacity  Evaluation"  as  Exhibit  "16F – Vocational  Functional

Capacity Evaluation, dated 03/13/2018, from DOANE ROBERT MD" (ECF No. 13-11). Dr.

Doane  was  the  surgeon  who  performed  plaintiff's  shoulder  surgery  on  August  28,  2017.

PageID.324.  The record indicates that the ALJ reviewed Mr. Hagberg's March 13, 2018 opinion

as a second opinion issued by Dr. Doane:

> In August 2017, Robert Doane, M.D., orthopedic specialist, completed a
> work status opinion indicating that the claimant was "off work" until at least his
> follow up visit in September 2017 or until further notice (Ex. 3F). He based his
> opinion on the claimant's right shoulder condition and recommended surgery.
> However, the undersigned found such an opinion unpersuasive, unsupported and
> not consistent with medical evidence, as Dr. Doane offered only temporary work
> restrictions and the medical evidence did not support similar permanent restrictions.
>
> In an assessment to determine his functional capacity specific to his right
> shoulder function, in March 2018, Dr. Doane opined the claimant demonstrated
> overall abilities within the light category of work.  However, he did not meet full
> duty capacities with the right shoulder due to his subjective right shoulder pain
> complaints and associated limitations with reach, lift, carry, push or pull.  However,
> this opinion was unpersuasive as it was not supported or consistent with the medical
> evidence.  It appeared that Dr. Doane supported his opinion with the claimant's
> subjective complaints. Further, the claimant did not readily submit to performing
> the tasks presented, which prevented an accurate assessment of his functional
> capacity, as acknowledged by the evaluator (Ex. 16F/4-9, noting that the claimant
> declined to lift with the right arm and the claimant stated he was unable to reach
> with the right arm, and also noted that it was difficult to assess the right shoulder
> strength because of the claimant's pain behaviors, but also noting that the claimant
> had not taken any pain medications in the 2 days prior to the test). The larger

6

medical evidence was not consistent with this finding, which included those findings from Dr. Pinto, who was an orthopedic specialist and observed a neurovascular intact right shoulder and intact motor and light touch exam despite some obvious crepitus (Ex. 22F). Dr. Munro also found stable right rotator cuff and right shoulder osteoarthritis that conservative care managed (Ex. 16F). The claimant's independence with daily activies [sic] also supported a range of work consistent with light exertion.

PageID.64.

The ALJ's decision is not supported by substantial evidence. The ALJ considered Occupational Therapist Hagberg's evaluation and opinion to be the opinion of plaintiff's orthopedic surgeon, Dr. Doane.  In a footnote in his brief, defendant contends that, "[i]n his analysis of Mr. Hagberg's evaluation, the ALJ mistakenly attributed the opinion to Dr. Doane, Plaintiff's authorizing physician, who was copied on the report.  The ALJ's assessment of Mr. Hagberg's opinion was nonetheless complete."  Defendant's Brief (ECF No. 21, PageID.812, fn. 4) (internal citations omitted).  The ALJ's incorrect assertions that the opinions were expressed by Dr. Doane (rather than Occupational Therapist Hagberg), that the doctor's opinions were based on plaintiff's "subjective complaints," and that the doctor's opinions were not supported or consistent with the medical evidence, were not harmless errors.  *See* PageID.64.  As written, the ALJ's decision undercut all of the opinions given by Dr. Doane and placed his opinions at odds with "the larger medical evidence", including findings by Dr. Pinto and Dr. Munro. PageID.64. Accordingly, this matter will be reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g).  On remand, the Commissioner will be directed to re-evaluate the opinion evidence with respect to both Occupational Therapist Hagberg and Dr. Doane.

### C. Whether the ALJ erred in discounting the severity of the Claimant's complaints, obesity, need for an arm sling, and medication side effects by wrongly determining they were inconsistent with the objective medical record.

**D. Whether the ALJ erred in failing to take into account the full extent of the Claimant's limitations and therefore failed to base his determination and RFC on substantial evidence in the record.**

RFC is a medical assessment of what an individual can do in a work setting in spite of functional limitations and environmental restrictions imposed by all of his medically determinable impairments.  20 C.F.R. § 404.1545.  It is defined as "the maximum degree to which the individual retains the capacity for sustained performance of the physical-mental requirements of jobs." 20 C.F.R. Part 404, Subpt. P, App. 2, § 200.00(c).  The ALJ determines the RFC "based on all the relevant medical and other evidence in [the claimant's] case record."  20 C.F.R. § 404.1520(e).

Plaintiff's claim of error related to his need for an arm sling relates to the use of his shoulder, subject matter that was evaluated by Occupational Therapist Hagberg.  That alleged error cannot be addressed without an appropriate evaluation of Hagberg's opinion.  Accordingly, the Commissioner should address this matter on remand.  While plaintiff's brief mentions his obesity, it does not address this condition in a meaningful manner.

Plaintiff's claim regarding medication side effects raises a separate issue.  Plaintiff contends that the ALJ failed to consider his medication side effects in evaluating his claims of daytime drowsiness and need for naps.  Plaintiff's Brief at PageID.788.  *See* 20 C.F.R. § 404.1529(c)(3)(iv) (in evaluating the intensity and persistence of a claimant's symptoms and determining the extent to which those symptoms limit a claimant's capacity for work, the Commissioner considers various factors, including "[t]he type, dosage, effectiveness, and side effects of any medication you take or have taken to alleviate your pain or other symptoms").  A claimant's allegations of medication side effects must be supported by objective medical evidence. *See Essary v. Commissioner of Social Security*, 114 Fed. Appx. 662, 665-66 (6th Cir. 2004) (where

8

plaintiff testified that she suffered from dizziness and drowsiness as a result of her medications, the ALJ did not err in finding that she suffered no side effects where her medical records contain no such reported side effects to her physicians).

        As an initial matter, plaintiff refers to his severe impairment of sleep apnea. Plaintiff's Brief at PageID.788.  It appears that the ALJ addressed plaintiff's daytime drowsiness as related to this impairment:

> In terms of the claimant's testimony about sleep dysfunction and need for daytime naps, the claimant underwent a sleep study in April 2019. His primary issues included snoring, daytime sleepiness, insomnia, and obesity.  The study confirmed the diagnosis for severe obstructive sleep apnea and severe periodic limb movement, but he had a normal sinus rhythm with average heart rate (Ex. 15F/70). During a positive airway pressure titration test and despite evidence of severe hypoxia, the claimant had good CPAP response, further indicating that his treatment for sleep issues had greater effectiveness than alleged (Ex. 15F/70-68).

> Concerning his problem list and treatment for conditions related to sleep apnea, morbid obesity, osteoarthritis at the right shoulder, tear of right rotator cuff, anxiety and depression, through October 2018, the claimant told Dr. Munro that he no longer needed prescribed pain medicines for his right shoulder and he did not fill his prescription (Ex. B15F/24).  . . .

> On follow up with Dr. Munro in May 2019, the claimant reported normal respiration and no wheezing when using his CPAP machine.  . . .

PageID.62-63.

        Plaintiff raised medication side effects during the administrative hearing.  At that time, plaintiff testified that when he takes medication (Tylenol 4) it "just knocks [him] out," meaning that he falls asleep or passes out.  PageID.93.  It appears that plaintiff addressed the side effects with Dr. Munro, who noted medication side effects of "drowsiness and sedation." PageID.507.  *See* Medical Questionnaire (Exh. 14F) (PageID.506-508) (May 21, 2019).  The ALJ's review of Dr. Munro's medical opinion did not address medication side effects.  PageID.66. Based on this record, the ALJ's decision failed to address plaintiff's allegation of medication side

9

effects.  *See* 20 C.F.R. § 404.1529(c)(3)(iv).  Accordingly, on remand, the ALJ should also evaluate the extent to which plaintiff's medication side effects impact his RFC.

### E. Whether the ALJ failed to follow the proper legal standards and required procedural protections for the Claimant.

### F. Whether the ALJ erred by failing to base his decision on substantial evidence

Plaintiff does not present independent arguments with respect to these two claims of error.  The Court has considered these claims in addressing plaintiff's specific claims of error.

### IV.    CONCLUSION

Accordingly, this matter will be **REVERSED** and **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g).  On remand, the Commissioner is directed to re-evaluate the opinion evidence with respect to both Occupational Therapist Hagberg and Dr. Doane, and to evaluate the extent to which plaintiff's medication side effects impact his RFC.  A judgment consistent with this opinion will be issued forthwith.


Dated: September 28, 2021                    /s/ Ray Kent
                                             United States Magistrate Judge